**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CRIMINAL ACTION** |
| | ) | |
| | ) | No. 08-20150-2-CM |
| **DEBORAH JACKSON,** | ) | |
| | ) | |
|     **Defendant.** | ) | |
| _____) | | |

## **ORDER**

The matter comes before the court on defendant's Petition for Reduction of Sentence (Doc. 112). Defendant makes several claims that her counsel was deficient for various reasons, ultimately requesting that the court issue an order vacating the sentence imposed.

Defendant pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute methamphetamine and one count of use and possession of firearms in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 924(c)(1) respectively. The court denied defendant's motion to withdraw her guilty plea after allowing her first counsel to withdraw and appointing new counsel. The court sentenced defendant to a term of life imprisonment to run consecutive to a term of 60 months imprisonment on September 13, 2010. Defendant filed a notice of appeal with the Tenth Circuit on October 1, 2010, which is currently pending. Defendant then filed this motion with the court on October 18, 2010.

Motions requesting the court to vacate a sentence for reasons of ineffective assistance of counsel are generally reviewed under 28 U.S.C. § 2255. Although defendant does not specifically move under 28 U.S.C. § 2255 to vacate her sentence, the relief she seeks is available only through a

§ 2255 motion. *United States v. Brockman*, No. 09-20001-2-CM, 2010 WL 1489718, at *1 (D. Kan. Apr. 13, 2010). However, even if the court were to consider defendant's motion under 28 U.S.C. § 2255, the court cannot do so at this time due to the fact that her appeal that is still pending. "Absent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a Section 2255 motion while a direct appeal is pending." *United States v. De Paz*, No. Crim. A. 05-20039-01-KHV, Civ. A. 06-3028-KHV, 2006 WL 625985, at *1 (D. Kan., Jan. 26, 2006) (citing United States v. Scott, 124 F.3d 1328, 1330 (10th Cir.1997); *United States v. Cook*, 997 F.2d 1312, 1319 (10th Cir.1993)).

Therefore, this court declines to review defendant's motion until the conclusion of her appeal, denying it without prejudice at this time. Defendant will not prejudiced by the court's decision because she can re-file her motion within the allotted time period under 28 U.S.C. § 2255 at the conclusion of the appeal. *Id.* at *1, (citing *United States v. Bey,* No. 99-3112, 2000 WL 217059, at *2 (10th Cir. Feb. 21, 2000) (finding that a § 2255 motion is not considered to be successive if it is defendant's first § 2255 motion filed after the conclusion of the direct appeal)).

**IT IS THEREFORE ORDERED** that defendant's Petition for Reduction of Sentence (Doc. 112) is denied without prejudice.

Dated this 27th day of January, 2011, at Kansas City, Kansas.

                                                **s/ Carlos Murguia**
                                                **CARLOS MURGUIA**
                                                **United States District Judge**