IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Case Nos.**    08-20150-02-CM (Criminal) |
| v. | ) | 11-2562-CM (Civil) |
| | ) | |
| | ) | |
| DEBORAH JACKSON, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This case is before the court on defendant Deborah Jackson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 119).

In its response to defendant's § 2255 motion, the government asks the court to enforce defendant's waiver of the right to bring a § 2255 motion contained in defendant's plea agreement. For the following reasons, the court enforces the waiver and denies defendant's motion.[1]

The court will hold a defendant and the government to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). Generally, a knowing and voluntary waiver of § 2255 rights is enforceable. *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). The court applies a three-pronged analysis to evaluate the enforceability of such a waiver, in which the court must determine: (1) whether the scope of the waiver covers the disputed issue; (2) whether the defendant

---

[1] Because the motion and the record conclusively show that defendant is not entitled to relief, the court does not conduct a hearing on this matter. 28 U.S.C. § 2255(b); Rule 8(a) of the Rules Governing § 2255 Proceedings.

knowingly and voluntarily waived her rights; and (3) whether enforcement of the waiver would result

in a miscarriage of justice.  *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

**A.  Scope of Waiver**

In determining whether the disputed issue falls within the scope of the waiver, the court begins

with the plain language of the plea agreement.  *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir.

2004); *Hahn*, 359 F.3d at 1328.  The pertinent provision in defendant's plea agreement provides:

> The defendant knowingly and voluntarily waives any right to appeal or
> collaterally attack any matter in connection with this prosecution, the
> defendant's conviction, or the components of the sentence to be imposed herein
> (including the length and conditions of supervised release, as well as any
> sentence imposed upon a revocation of supervised release).  The defendant is
> aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the
> conviction and sentence imposed.  By entering into this agreement, the
> defendant knowingly waives any right to appeal a sentence imposed which is
> within the guideline range determined appropriate by the court.  The defendant
> also waives any right to challenge a sentence or otherwise attempt to modify or
> change her sentence or manner in which it was determined in any collateral
> attack, including, but not limited to, a motion brought under Title 28, U.S.C. §
> 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187
> (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a
> motion brought under Fed. Rule of Civ. Pro 60(b).  In other words, the
> defendant waives the right to appeal the sentence imposed in this case except to
> the extent, if any, the court departs upwards from the applicable guideline range
> determined by the court. . . .

The court construes the plea agreement "according to contract principles and what the

defendant reasonably understood when [she] entered [her] plea."  *Arevalo-Jimenez*, 372 F.3d at 1206

(internal quotation and citations omitted).  The court strictly construes the waiver and resolves any

ambiguities against the government.  *Hahn*, 359 F.3d at 1343.

Here, defendant states that she received ineffective assistance of counsel because (1) counsel

failed to challenge the drug quantity and purity, grossly underestimating defendant's sentence; (2)

counsel discussed the case and evidence with James Adam Jackson, violating defendant's

confidentiality; (3) counsel failed to disclose all of the evidence to defendant or discuss it with her,

including an audio tape of defendant during a drug transaction; and (4) counsel neglected to warn defendant of a possible life sentence.  Defendant also raises a fifth issue in her petition: that defendant and her co-defendant could not have possessed the same firearm.  The court addresses the first four claims here, and discusses the fifth claim separately below.

Although defendant claims that her counsel was ineffective, she does not claim that the alleged ineffectiveness affected the validity of the plea agreement or waiver.  Rather, she makes general ineffectiveness claims that fall within the express provisions of the plea agreement waiver.

**B.  Knowing and Voluntary**

Defendant acknowledged that she was entering into the plea agreement knowingly and voluntarily both during the plea hearing and in the plea agreement itself.  Moreover, in her briefs, defendant has not claimed lack of knowledge or voluntariness.  The court has reviewed the transcript of the change of plea hearing, and also independently remembers it.  Based on its review and recollection, the court finds that the factual circumstances surrounding the plea in this case serve as compelling evidence that defendant voluntarily and knowingly entered a plea.  *See Hahn*, 359 F.3d at 1325 (explaining that the court looks to an informed plea colloquy for evidence that defendant knowingly and voluntarily entered into agreement).  Nothing in the record suggests that defendant's plea or waiver was unknowing or involuntary.  Moreover, this court previously decided that defendant was not entitled to withdraw her plea.  And the Tenth Circuit found on direct appeal that defendant waived her right to appeal knowingly and voluntarily.  There is no basis for reaching a contrary decision now.

**C.  Miscarriage of Justice**

Enforcing a waiver results in a miscarriage of justice only if (1) the court relied on an impermissible factor such as race; (2) the defendant received ineffective assistance of counsel in

conjunction with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Hahn*, 359 F.3d at 1327.  Defendant bears the burden of showing that one of these factors is met. *Anderson*, 374 F.3d at 959 (citation omitted).

Defendant does not attempt to explain in any way how failing to enforce the plea agreement waiver would result in a miscarriage of justice in this case.  Based on the full record of the case and the court's recollection of the circumstances of defendant's guilty plea, motion to withdraw, and sentencing, the court finds that defendant is bound by the plea agreement waiver.  This means that defendant's first four arguments are barred.

## D.  Procedural Default

Ground Five asserts an alleged error affecting defendant's sentence that should have been raised on appeal.  Again, defendant claims that defendant and her co-defendant could not both have possessed the same firearm.  This is not a collateral attack on defendant's conviction or sentencing, but more of a direct attack on both the conviction and sentence.  Because defendant did not raise the issue on appeal (although she waived the right to do so), she procedurally defaulted the claim.  Defendant did not attempt to show cause for her default or that she would suffer prejudice if the court does not address her claim. *See United States v. Wiseman*, 297 F.3d 975, 979 (10th Cir. 2002) (citations omitted).  The court therefore determines that the claim should be dismissed.

## E.  Certification of Appealability

The court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Under this standard, a defendant must show that "reasonable jurists could debate whether . . . the petition should have been

resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).  The court is not convinced that its conclusions are debatable among reasonable jurists or that the issues presented merit further proceedings.  For the reasons stated above, the court finds that defendant has not made a substantial showing of the denial of a constitutional right.  The court declines to issue a certificate of appealability in accordance with Rule 11 as amended December 1, 2009.

**IT IS THEREFORE ORDERED** that defendant Deborah Jackson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 119) is denied.

**IT IS FURTHER ORDERED** that the court will not issue a certificate of appealability in this case.

Dated this 19th day of November 2012, at Kansas City, Kansas.

**___s/ Carlos Murguia___**
**CARLOS MURGUIA**
**United States District Judge**