# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case Nos. 08-20150-02-CM (Criminal) |
| | ) 13-2597-CM (Civil) |
| DEBORAH JACKSON, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This closed criminal case is before the court on defendant Deborah Jackson's Petition for Relief Pursuant to Title 28 U.S.C. § 2255(f)(3)(4) (Doc. 128). Defendant asks the court to vacate her sentence because the court applied an enhancement at sentencing using only a preponderance of the evidence standard. In support of her motion, defendant cites the recent Supreme Court case *United States v. Alleyne*, 133 S. Ct. 2151 (2013). In *Alleyne*, the Supreme Court held:

> Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

133 S. Ct. at 2155 (citation omitted). The Supreme Court decided *Alleyne* after defendant was sentenced in 2010. In October 2011, defendant filed her first § 2255 motion. The court denied that motion in November 2012.

The instant motion is a second or successive § 2255 motion, which requires authorization from the Tenth Circuit before filing. *See* 28 U.S.C. § 2255(h). But defendant has not shown that she obtained such authorization. This court therefore lacks jurisdiction to consider the motion. *See United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013).

-1-

Given this posture, the court must either dismiss defendant's claim for lack of jurisdiction or transfer the motion to the Tenth Circuit. *See United States v. Harper*, 545 F.3d 1230, 1232 (10th Cir. 2008). To transfer the motion, the court must first determine that such transfer would be "in the interests of justice." *Id*. This the court cannot do. The motion is unlikely to be meritorious, which strongly suggests that it would <u>not</u> be in the interests of justice to transfer. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). Simply stated, *Alleyne* does not offer defendant relief. While the case did "set forth 'a new rule of constitutional law,'" it does not apply retroactively to collateral reviews. *In re Payne*, 733 F.3d 1027, 1029–30 (10th Cir. 2013) (quoting *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013)). Defendant's claim therefore fails to satisfy the requirements of § 2255(h), which provides that successive motions must be based on newly discovered evidence or a new rule of constitutional law "made retroactive to cases on collateral review by the Supreme Court" that was previously unavailable. 28 U.S.C. § 2255(h).

For the above reasons, the court (1) dismisses this action for lack of jurisdiction; (2) declines to transfer the action to the Tenth Circuit; and (3) declines to issue a certificate of appealability, to the extent a certificate is necessary in this case. A certificate of appealability is not warranted for this reason: Reasonable jurists could not debate whether "the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).

**IT IS THEREFORE ORDERED** that defendant's Petition for Relief Pursuant to Title 28 U.S.C. § 2255(f)(3)(4) (Doc. 128) is dismissed without prejudice for lack of jurisdiction.

Dated this 24th day of April 2014, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**