IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-20150-02-JWL |
| ) | Case No. 11-2561-JWL |
| DEBORAH JACKSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant's motion to reopen proceedings on her petition pursuant to 28 U.S.C. § 2255 (Doc. # 139) and her motion for appointment of counsel (Doc. # 140).[1] For the reasons set forth below, the Court **denies** the motions.[2]

### I.   Background

On April 13, 2009, defendant entered into a plea agreement and pleaded guilty to one count of a conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846, and one count of using a firearm during a drug trafficking crime pursuant to 18 U.S.C. § 924(c)(1). On July 20, 2010, after an evidentiary hearing, the Court denied defendant's motion to withdraw her plea. On

---

[1] This case was reassigned to the undersigned judge on February 21, 2020.

[2] This ruling does not affect defendant's pending motion for release pursuant to 18 U.S.C. § 3582(c)(1)(A), which will be decided in separate proceedings.

September 8, 2010, the Court sentenced defendant to a term of life imprisonment, in accordance with the statutory minimum sentence that applied by virtue of two prior convictions. On January 31, 2011, the Tenth Circuit Court of Appeals granted the Government's motion to enforce the appeal waiver contained in defendant's plea agreement, and thus defendant's appeal was dismissed. The Tenth Circuit noted that its dismissal was without prejudice to defendant's right to assert claims of ineffective assistance of counsel in a collateral proceeding.

On October 6, 2011, defendant timely filed a *pro se* petition for relief pursuant to 28 U.S.C. § 2255 (Doc. # 119). Defendant asserted four claims of ineffective assistance of counsel. Specifically, defendant alleged that counsel (1) failed to challenge the quantity of drugs attributed to her; (2) discussed matters with the co-defendant (defendant's son) in violation of defendant's right to confidentiality; (3) did not disclose or discuss with her a particular piece of evidence; and (4) failed to warn defendant of "a possible 'career offender' (life) sentence." Defendant also asserted as a fifth claim that she and her co-defendant could not have possessed the same firearm in furtherance of a drug trafficking crime. On November 19, 2012, the Court dismissed the petition for lack of jurisdiction. The Court followed the Tenth Circuit and granted the Government's motion to enforce the waiver of appeal or collateral attack contained in defendant's plea agreement. The Court noted that defendant had not shown ineffective assistance of counsel in conjunction with the negotiation of the waiver. The Court also dismissed plaintiff's fifth claim as procedurally barred, based on defendant's failure to raise the issue in her direct appeal.

On November 21, 2013, defendant filed another Section 2255 petition, based on the Supreme Court's *Alleyne* opinion. On April 24, 2014, the Court dismissed the petition because defendant had failed to obtain the necessary authorization from the Tenth Circuit to pursue a second petition under Section 2255. On June 28, 2016, the Tenth Circuit denied defendant authorization to file a successive Section 2255 petition based on the Supreme Court's *Johnson* opinion. On March 22, 2017, the Court denied defendant's motions for a reduction of sentence pursuant to Amendment of 782 of the sentencing guidelines. The Court noted that defendant's sentence had been determined not by the guidelines but by the applicable statutory minimum sentence.

On July 22, 2019, defendant filed the instant motion *pro se*. After the case was reassigned to the undersigned judge, the Court set deadlines for response and reply briefs. The Government filed its response on March 11, 2020. Defendant did not file any reply brief.

**II.     Analysis**

Pursuant to Fed. R. Civ. P. 60(b)(6), defendant seeks relief from the dismissal of her original Section 2255 petition. Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for various enumerated reasons or for "any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(6). Defendant bases her motion on a Department of Justice (DOJ) memorandum, dated October 14, 2014, from the United States Deputy Attorney General to all federal prosecutors, in which the DOJ set forth its

policy on waivers of claims of ineffective assistance of counsel. In relevant part, the memorandum stated:

> Federal prosecutors should no longer seek in plea agreements to have a defendant waive claims of ineffective assistance of counsel whether those claims are made on collateral attack or, when permitted by circuit law, made on direct appeal. For cases in which a defendant's ineffective assistance claim would be barred by a previously executed waiver, prosecutors should decline to enforce the waiver when defense counsel rendered ineffective assistance resulting in prejudice or when the defendant's ineffective assistance claim raises a serious debatable issue that a court should resolve.

Based on that memorandum, defendant argues that her previous waiver should not be enforced and that the proceedings on her original Section 2255 petition should be reopened so that her claims of ineffective assistance of counsel may be ruled on their merits.[3]

The Court must first determine whether defendant's motion under Rule 60(b) should be treated as a second or successive petition under Section 2255, for which defendant would need prior authorization from the Tenth Circuit. In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court held that a Rule 60(b) motion counts as a successive habeas petition only if it asserts a "claim" for relief from the judgment of conviction, as when it attacks the substance of a prior resolution of a claim on the merits, and does not merely attack some defect in the integrity of the federal habeas proceedings. *See id.* at 530-32. Thus, relying on *Gonzalez*, the Tenth Circuit has held that a filing is a "true" Rule 60(b) motion, and not a successive habeas petition, if it either "(1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas

---

[3] This change in policy would not provide any basis for vacating the Court's dismissal of the petition's fifth claim, which did not allege ineffective assistance of counsel.

4

application, or (2) challenges a defect in the integrity of the federal habeas proceedings, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *See Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (internal citation omitted) (citing *Gonzalez*, 545 U.S. at 532 & n.4); *see also United States v. Nelson*, 465 F.3d 1145, 1148-49 (10th Cir. 2006) (*Gonzalez* holding applies to Section 2255 petitions).

In the present case, the Court dismissed defendant's Section 2255 petition on a procedural basis (the waiver), without addressing the merits of those claims. Defendant argues in the present motion that the proceedings on the petition should be reopened so that her claims may now be addressed on the merits. Thus, it appears that defendant has not asserted a new claim for relief under *Gonzalez*, and therefore the present motion should not be deemed an unauthorized successive petition. In its response, the Government notes this preliminary issue, but it does not argue that the motion should be denied on this basis. Accordingly, the Court will consider defendant's motion under Rule 60(b)(6).

Defendant must clear a very high bar to obtain relief under that rule. A movant seeking relief under Rule 60(b)(6) must show "extraordinary circumstances." *See Gonzalez*, 545 U.S. at 535, 536. "Such circumstances will rarely occur in the habeas context." *See id.* at 535.

Defendant bases her motion on a change in DOJ policy since the Court's dismissal of her original petition. The Tenth Circuit has held, however, that if the change did not arise in a related case, a change in the law or in the judicial view of an established rule of law does not justify relief under Rule 60(b)(6). *See Van Skiver v. United States*, 952 F.2d

1241, 1245 (10th Cir. 1991). It is true that *Van Skiver* was decided before the Supreme Court issued its opinion in *Gonzalez*, which does not include such a strict *per se* rule. *See Gonzalez*, 545 U.S. at 536-37; *see also Phelps v. Alameida*, 569 F.3d 1120, 1132-33 (9th Cir. 2009) (concluding that *Gonzalez* supports a case-by-case approach concerning whether a defendant may obtain relief under Rule 60(b)(6) based on a change in the law). Nevertheless, in *Gonzalez*, the Supreme Court held that a change in law represented by the Supreme Court's new interpretation of a procedural statute was not an extraordinary circumstance justifying relief under Rule 60(b)(6), as the district court's interpretation was correct under then-prevailing law of the Eleventh Circuit. *See Gonzalez*, 545 U.S. at 537-38; *see also Phelps*, 569 F.3d at 1135-36 (*Gonzalez* involved a change that overturned settled legal precedent). When this Court enforced defendant's waiver, the law was settled, and there was no question concerning the Government's right to enforce that waiver. Thus, under either *Van Skiver* or *Gonzalez*, the change here is not sufficient to support relief under Rule 60(b)(6).

Moreover, this change is one of DOJ policy, not a change in the law. As every circuit court to have addressed the issue has concluded, the DOJ's memorandum concerning the enforcement of waivers is not binding on courts and does not prohibit the legal enforcement of waivers. *See Keller v. United States*, 2017 WL 5067391, at *3 (6th Cir. Oct. 10, 2017) (unpub. op.); *United States v. Torres-Estrada*, 817 F.3d 376, 378-79 (1st Cir. 2016); *Demello v. United States*, 623 F. App'x 969, 972 (11th Cir. 2015) (unpub. op.). Indeed, requiring a prosecutor to forgo enforcement of a legal waiver in a particular case would constitute an improper invasion of the province of the Executive Branch. *See*

*Torres-Estrada*, 817 F.3d at 378-79 ("courts typically play no role in the prosecutorial choices made by the DOJ").

Finally, even if the Government were required to comply with the DOJ memorandum in this case, defendant would still not necessarily be entitled to relief. The memorandum states that prosecutors should decline to enforce a previously-executed waiver *when counsel rendered ineffective assistance resulting in prejudice or the issue is seriously debatable*. In this case, defendant has not shown that her ineffective-assistance claims have merit or present close questions. Defendant's original petition stated her claims only in conclusory fashion, and she did not establish the required prejudice with respect to any of those claims.

For instance, with respect to her first claim, defendant argued that her attorney should have challenged the drug quantities (22,923.65 grams of meth, 712 grams of marijuana) attributed to her in the presentence report because she was responsible only for her own actions and not those of any co-conspirators. Under the applicable law, however, a defendant is responsible for all quantities with which she was directly involved *and all reasonably foreseeable quantities within the scope of the jointly-undertaken criminal activity. See United States v. Figueroa-Labrada*, 720 F.3d 1258, 1265 (10th Cir. 2013) (citing USSG § 1B1.3(a)(1)). Moreover, defendant conceded in the plea agreement that she was involved with far more than the fifty-gram threshold for the charged offense, and her life sentence did not depend on the drug quantity or the guidelines. In her second and third claims, defendant alleged a breach of confidentiality and a failure to disclose evidence to her, but she did not explain how either failure affected her plea or sentence. In her fourth

claim, defendant alleged that counsel failed to warn her about a possible life sentence, but her sworn testimony at the hearing on her motion to withdraw her plea makes clear that defendant was aware that a life sentence could result from the notice of her two prior convictions filed by the Government.

In light of this failure by defendant to make the required showing in her original Section 2255 petition, prosecutors in this case would be justified in concluding that the DOJ memorandum did not require that they forgo enforcement of defendant's waiver. It appears that the Government does still intend to enforce defendant's waiver in this case, as evidenced by the Government's opposition to the present motion. Thus, the Court is bound to continue to enforce the waiver in accordance with the law.[4]

For these reasons, the Court concludes that defendant is not entitled to relief based on the DOJ's amended policy and thus that defendant has not established the extraordinary circumstances necessary for relief under Rule 60(b)(6).[5] Accordingly, the Court denies defendant's motion. Moreover, because no hearing is necessary for resolution of this motion and because there is no basis to reopen the proceedings on defendant's Section 2255 petition, the Court denies defendant's motion for appointment of counsel.

---

[4] In addition, defendant's failure to show that her claims of ineffective assistance have merit undermines any argument that justice requires that her Section 2255 proceedings be reopened.

[5] In light of this conclusion, the Court need not decide whether defendant brought her motion within a reasonable time as required.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion to reopen proceedings on her petition pursuant to 28 U.S.C. § 2255 (Doc. # 139) is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT defendant's motion for appointment of counsel (Doc. # 140) is hereby **denied**.

IT IS SO ORDERED.

Dated this 30th day of April, 2020, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge