IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,    )
    )
    Plaintiff,    )
    )
    v.    )    Case No. 08-20150-02-JWL
    )
DEBORAH JACKSON,    )
    )
    Defendant.    )
    )
_____)

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's motion for reconsideration (Doc. # 167) of the Court's denial of her motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the Court **denies** the motion for reconsideration.

In her original motion defendant argued that a reduction of her sentence from a term of life imprisonment to time served was warranted here essentially for two reasons: her risk of harm from the COVID-19 coronavirus pandemic because of her medical condition; and the disparity between her life sentence and the sentence she would likely have received if she had been sentenced under the statutes and guidelines now in effect. In its Memorandum and Order of May 29, 2020, the Court held that it could not base relief under this statute on the sentencing disparity; and it concluded in its discretion that the risk to defendant from the coronavirus did not constitute an extraordinary and compelling reason

for her immediate release from prison.  *See United States v. Jackson*, 2020 WL 2812764 (D. Kan. May 29, 2020) (Lungstrum, J.).

In her present motion, defendant seeks reconsideration of the latter conclusion by the Court.  She bases her motion on recent guidance from the Department of Justice (DOJ) to United States Attorney Offices.  Neither party has provided the Court with a copy of the DOJ memorandum, but it appears that DOJ has indicated that certain medical conditions may meet the requirement of subdivision (A) of the application note to USSG § 1B1.13. Subdivision (A) sets forth the following qualifying medical condition: the defendant is either (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition that substantially diminishes her ability to provide self-care within the prison environment from which she is not expected to recover.  *See id.* applic. note 1, subd. (A).

In her original motion, defendant did not argue that she could satisfy subdivision (A), and the Court noted accordingly that she had not shown that her ability to provide self-care is substantially diminished.  *See Jackson*, 2020 WL 2812764, at *2.  The Court proceeded to consider defendant's motion under the catchall provision in subdivision (D). *See id.* at *6.  Defendant now argues that her condition does satisfy the standard in subdivision (A), based on the DOJ guidance and a new declaration from her expert. Although the expert has still not examined defendant, he states, based on her medical records, that because of her conditions that increase her risk of harm from the virus, she can't provide self-care, as in prison she is unable to isolate herself from others.

2

Of course, the DOJ memorandum does not bind the Court in any way. The Government does now concede, in response to the present motion, that defendant's particular medical conditions could satisfy subdivision (A) of the policy statement's note. The Government does *not* concede, however, that extraordinary and compelling reasons warrant relief here (contrary to the suggestion in defendant's reply brief).

The Court is not persuaded to reconsider its prior conclusion. As the Government argues, in the absence of an actual, present inability to self-care, defendant's conditions are not sufficient in isolation. Defendant's elevated risk of serious harm from the virus only diminishes her ability to self-care in the face of a significant risk of infection. Defendant has not shown a sufficiently high risk in this case, in light of the measures adopted by the Bureau of Prisons to address the virus and the fact that there has been only one reported case of infection at defendant's facility. Thus, in the Court's view, defendant's medical conditions alone do not constitute an extraordinary and compelling reason for immediate release. The Court notes, as it did previously in reaching this conclusion, that this is not a case in which the inmate is already scheduled for release in the near future. *See Jackson*, 2020 WL 2812764, at *6.

The Court notes that in her reply, defendant suggests that the Government has agreed to a sentence reduction from life imprisonment to a term of 211 months. In fact, the Government did not so agree in its response brief; rather, the Government argued that if the Court found that a reduction were warranted, it should not reduce the sentence to time served, but should reduce only to the low end of the guideline range that would apply today. As the Court stated in its previous order, 211 months would represent the low end

3

of that range (and the Court would not reconsider other potential sentencing arguments). *See id.* at *4.  The Court previously held, however, that such a sentencing disparity could not serve as the basis for relief under Section 3582(c)(1)(A).  *See id.* at *4-5.  Defendant has not challenged that holding.  Thus, there is no basis for a reduction of defendant's sentence at this time, and the Court denies defendant's motion for reconsideration.[1]

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion for reconsideration (Doc. # 167) is hereby **denied**.

IT IS SO ORDERED.

Dated this 2nd day of July, 2020, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge

---

[1] If the Government does agree that defendant's sentence should be reduced, and if the parties are able to identify legal authority that would allow such a reduction by the Court, defendant may file an appropriate motion for relief.