IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-20150-02-JWL |
| | ) | |
| DEBORAH JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the parties' joint motion (Doc. # 174) to reopen proceedings on defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  The Court **grants** the motion, and it orders that defendant's sentence be reduced to time served.

In her original motion defendant argued that a reduction of her sentence from a term of life imprisonment to time served was warranted here because of her risk of harm from the COVID-19 coronavirus pandemic in light of her medical condition and because of the disparity between her life sentence and the sentence she would likely receive if sentenced today for the same conduct.  In its Memorandum and Order of May 29, 2020, the Court held that it could not base relief under this statute on the sentencing disparity; and it concluded in its discretion that the risk to defendant from the coronavirus did not constitute

an extraordinary and compelling reason for her immediate release from prison. *See United States v. Jackson*, 2020 WL 2812764 (D. Kan. May 29, 2020) (Lungstrum, J.).

By Memorandum and Order of July 2, 2020, the Court denied defendant's motion for reconsideration. *See United States v. Jackson*, 2020 WL 3619559 (D. Kan. July 2, 2020) (Lungstrum, J.). Although the Government had conceded that defendant's medical condition could meet the requirement of subdivision (A) of the application note to U.S.S.G. § 1B1.13, the Court noted that the Government did not concede that extraordinary and compelling reasons warranted relief, and the Court was not persuaded to reconsider its prior conclusion. *See id.* at *1-2. In a footnote, the Court invited defendant to file another motion if the Government did agree that her sentence should be reduced. *See id.* at *2 n.1.

Acting on that footnote, the parties have now jointly filed the instant motion, in which they agree that the necessary "extraordinary and compelling reasons" for a reduction are present here pursuant to 18 U.S.C. § 3582(cc)(1)(A) and U.S.S.G. § 1B1.13. In her subsequent brief (as ordered by the Court), defendant argues that the factors in 18 U.S.C. § 3553(a) support a reduction of her sentence to time served for the following reasons: her offenses did not involve the use of violence, and she played a supporting role in the crimes, accepting deliveries and payments if her son was unavailable; she has had an exemplary prison record, including no infractions, participation in various programs, obtaining her GED, and assignment to roles of trust; her medical conditions have made her experience in prison more onerous and place her at an elevated risk of serious harm from the ongoing coronavirus pandemic; she would face only a 180-month statutory minimum if sentenced today, her guideline range would have a low end of 211 months, and if she received a minor

role adjustment, her guideline sentence today would likely be much lower; she has already served over 10 years (124 months), the equivalent of a 154-month sentence with good time credits; her co-defendant son, who played a more substantial role in these offenses, received a sentence of 156 months; she presents no danger to the community; and the goals of deterrence and rehabilitation have been satisfied in this case.

In its brief, the Government concedes that extraordinary and compelling circumstances are present here because of defendant's medical condition and the coronavirus outbreak. It argues that the propriety of a sentence reduction still depends on whether defendant is a danger to the community, defendant's release plan, and consideration of the Section 3553(a) factors. The Government does not take issue with defendant's release plan, however, and it has not suggested that defendant is a danger to the community. Nor has the Government discussed any of the Section 3553(a) factors, or disputed defendant's application of those factors, except with respect to issue of the sentence defendant would receive if sentenced today. In that regard, the Government agrees that the Court should consider that sentencing disparity, and it concedes that defendant today would be subject only to a ten-year minimum for her drug offense and that her low-end guideline sentence would be 211 months. The Government states that it thus supports a reduction to 211 months, and that it leaves to the Court (and thus does not specifically oppose) – and it will not oppose or appeal the Court's decision – whether a further reduction, including to time served, is appropriate "under the extraordinary circumstances of this case."

The Court grants the parties' joint request to reconsider the Court's previous denial of relief under Section 3582, and it grants their joint request for a sentence reduction. The Court further grants defendant's request, which the Government has not specifically opposed, for a reduction of her sentence to time served. The Court concludes, based on the Government's concession, that the necessary extraordinary and compelling circumstances are present here in light of defendant's medical conditions and the coronavirus outbreak, including at her facility.[1] The Court finds that defendant's release would not present a danger to the community, and that her plan of release to her daughter's home is reasonable on its face.[2] Finally, the Court concludes (in part based on the Government's lack of opposition[3]) that the term of imprisonment already served by defendant represents an appropriate final sentence for her offense conduct after consideration of the Section 3553(a) factors, for the reasons discussed in defendant's brief.

---

[1] Although at the time of the Court's original denial defendant's facility (Waseca) had experienced no outbreak at all, that situation has changed, as it is now reported that at least three inmates have contracted the virus.

[2] Although in arguing for immediate release defendant indicates that she would accept a period of home confinement as part of her supervised release, the Court does not believe that such a condition is necessary here, and therefore only the previously-imposed terms of supervised release will apply (except as modified herein). Because the Probation Office has not yet had the opportunity to approve defendant's proposed release plan, this Order is stayed for up to 14 days to allow for such approval. Moreover, defendant is ordered to reside in a reentry center (halfway house) for a period after release to allow for the possibility that the release plan is not initially approved; if the release plan is approved, the parties may petition to have this condition removed.

[3] The Court commends Government counsel for their special consideration of the circumstances of defendant's case.

4

IT IS THEREFORE ORDERED BY THE COURT THAT the parties' joint motion (Doc. # 174) to reopen proceedings on defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is hereby **granted**.

IT IS FURTHER ORDERED BY THE COURT THAT the term of imprisonment for defendant's sentence is hereby reduced to time served, pursuant to 18 U.S.C. § 3582(c)(1)(A).

IT IS FURTHER ORDERED THAT this Order is stayed for up to fourteen (14) days, for the verification of defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure defendant's safe release.  Defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for defendant to travel.  There shall be no delay in ensuring that travel arrangements are made. If more than fourteen (14) days are needed to make appropriate travel arrangements and to ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended.

IT IS FURTHER ORDERED THAT defendant must reside in a residential reentry center for a term of up to 60 days in the prerelease component allowing for work release. Defendant must comply with the policies and procedures of the residential re-entry center.

IT IS SO ORDERED.

Dated this 27th day of July, 2020, in Kansas City, Kansas.

                                            *s/ John W. Lungstrum*
                                            John W. Lungstrum
                                            United States District Judge